# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-1260

MICHAEL ALDWORTH,

       Plaintiffs,

v.

LVNV FUNDING LLC,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Michael Aldworth ("**Mr. Aldworth**" or the "**Plaintiff**"), an individual consumer, against Defendant LVNV Funding LLC (the "**Debt Collector**") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the Defendant transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the city and county of Denver.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a Delaware limited liability company that does business in Colorado.

7. The Debt Collector has a place of business at 1776 S. Jackson Street, Suite 900, Denver, Colorado 80210.

8. The principal purpose of the Debt Collector is the collection of debts.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due to another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector operates as a collection agency and is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

12. The Debt Collector is registered as a collection agency with the State of Colorado.

## FACTS

13. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes in that the financial obligation was for a credit card that was used to purchase household items (the "**Debt**").

14. The Debt was assigned or assigned for collection by the original creditor to the Debt Collector after the Debt was in default.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692a(5).

16. Plaintiff disputes the Debt.

17. The Debt Collector filed suit against Plaintiff in the County Court, for Denver County in case number 14C50408 (the "**County Court Action**").

18. The Debt Collector obtained a judgment in the County Court Action (the "**Judgment**").

19. On April 18, 2014, the Debt Collector served JPMorgan Chase Bank (the "**Bank**") a writ of garnishment to garnish funds in a bank account owned by the Plaintiff (the "**Writ**").

20. In response to being served the Writ, the Bank placed a hold on the funds in Plaintiff's account.

21. On or about April 19, 2014, the Plaintiff called the Debt Collector.

22. Plaintiff asked the Debt Collector how he could remove the hold on his bank account.

23. The Debt Collector told Plaintiff that the only way to remove the hold on Plaintiff's account was to sign over all of the funds in the account to the Debt Collector.

24. The Debt Collector then told the Plaintiff that he could go to court to challenge the bank hold and garnishment, but that this process could take months, and the hold on his account would remain during that time.

25. Colo. Rev. Stat. § 13-54-104 (the "**Statute**"), allows an individual whose bank account is subject to a writ of garnishment to claim an amount of those funds as exempt from garnishment.

26. After a garnishee bank receives a writ of garnishment for the debtor, the garnishee bank must send a notice to the debtor instructing him that he can file for an exemption under the Statute (the "**Notice**").

27. The Plaintiff had not yet received the Notice.

28. The Plaintiff was not yet aware of his rights under the Statute.

29. The statements in paragraph 23 and 24 are false.

30. The statements in paragraph 23 and 24 are misleading.

31. The Debt Collector made these statements to the Plaintiff in order to manipulate the Plaintiff into giving up all of his money without first determining if he qualified for an exemption under the Statute.

32. On or about May 1, 2014, the Plaintiff called the Debt Collector to inquire about the Debt.

33. The Debt Collector told the Plaintiff the following information:

   A. The amount of the Judgment was $1,561.35.

   B. The amount of court costs was $239.07.

   C. The amount of interest was $246.34.

   D. The Principal amount was $1,230.79.

   E. The Debt Collector claimed not to know the interest rate.

34. On April 17, 2014, the Debt Collector reported the Debt to one or more credit reporting agencies including, Equifax, Transunion, and Experian.

35. The Debt Collector reported the balance of the Debt as $1,635.00

36. Either the amount in paragraph 33, sub paragraph A, or the amount in paragraph 35, or both are false.

37. The statement in paragraph 33, sub paragraph E is false.

38. The statement in paragraph 33, sub paragraph E is misleading.

### **Respondeat Superior Liability**

39. Plaintiffs incorporate by reference all of the foregoing allegations as though fully set forth herein.

40. The acts and omissions complained of herein were committed by an agent employed by the Debt Collector.

41. The Debt Collector was aware of, or should have been aware of, the acts and omissions complained of herein.

42. The acts and omissions of the agent complained of herein were within the scope, time, and space limitations of the agency relationship.

43. The acts and omissions by the agent were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by the Debt Collector in collecting debts.

44. By committing these acts and omissions against the Plaintiff, the agent was motivated to benefit its principal, the Defendant.

45. Defendant is liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its agent in its attempts to collect a debt from Plaintiff.

## COUNT I

### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

46. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

47. 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive, or misleading representations and means to collect a debt.

48. Among other things, the Debt Collector violated 15 U.S.C. § 1692e by:

A. falsely representing to Plaintiff that the only way he could remove the bank hold on his account was to sign a document that released all of the money to the Debt Collector;

B. falsely representing to Plaintiff that the Judgment amount was $1,561.35; or

   C. falsely reporting to one or more credit reporting agencies that the amount of the Debt was $1,635.00; and

   D. falsely representing that the Debt Collector did not know the interest rate on the Debt.

  49. 15 U.S.C. § 1692e(2) prohibits a debt collector from making false representations as to the character, amount, or legal status of any debt.

  50. Among other things, the Debt Collector violated 15 U.S.C. § 1692e(2) by:

   A. telling the Plaintiff that the only way to remove the bank hold on his account was for the Plaintiff to sign over all the funds in his account to the Debt Collector before the plaintiff received the Notice or knew of his rights under the Statute;

   B. telling the Plaintiff that the judgment amount was $1,561.35; or

   C. reporting to one or more credit reporting agencies that the amount of the Debt was $1,635.00;

  51. 15 U.S.C. § 1692e(10) prohibits a debt collector from using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  52. The Debt Collector violated 15 U.S.C. § 1692e(10) by:

   A. telling the Plaintiff that the only way to obtain a release of the bank hold on his account was if he signed a document releasing all of the funds to the Debt Collector before the Plaintiff received the Notice or knew of his rights under the Statute; and

   B. telling the Plaintiff that seeking to use the court system to challenge the garnishment and remove the hold on his account would only cause the hold to remain on his account for months.

  53. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

54. Among other things, the Defendants violated 15 U.S.C. § 1692f by:

    A. telling the Plaintiff that the only way to obtain a release of the bank hold on his account was if he signed a document releasing all of the funds to the Debt Collector before the Plaintiff received the Notice or knew of his rights under the Statute; and

    B. telling the Plaintiff that using the court system to challenge the Writ would only cause the hold on his bank account to remain for months.

55. 15 U.S.C. § 1692e(8) prevents a debt collector from threatening to communicate to any person credit information which is known or which should be known to be false.

56. The Debt Collector violated 1692e(8) by reporting a false amount of the Debt to one or more credit reporting agencies including, Experian, Equifax, and Transunion.

57. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

58. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

59. As a direct consequence of the Debt Collector's acts, practices, and conduct, Plaintiff has suffered, and continues to suffer, from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

60. Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Aldworth prays for relief and judgment as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 each;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff Michael Aldworth is entitled to and hereby demands a trial by jury.

Dated: May 2, 2014

Respectfully submitted,

/s/ Ahson B. Wali
Daniel J. Vedra
Ahson B. Wali
Vedra Wali LLC
1435 Larimer St. Suite 304
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: daniel.vedra@vwfirm.com
    ahson.wali@vwfirm.com