## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01260-WJM-KMT

MICHAEL ALDWORTH,

    Plaintiff,

v.

LVNV FUNDING, LLC,

    Defendant.

_____

## DEFENDANT LVNV FUNDING LLC'S
## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, LVNV Funding, LLC ("LVNV"), through its undersigned counsel, submits this, its Answer to Complaint and Affirmative Defenses, in response to the Complaint of plaintiff Michael Aldworth, stating as follows:

### ANSWER TO "INTRODUCTION"

1. In response to the allegations in ¶ 1 of the Complaint, LVNV admits that Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but LVNV denies any violation, wrongdoing, or liability under the FDCPA or any other laws. LVNV further denies the applicability of the FDCPA and the term "Debt Collector" to itself.

### ANSWERS TO "JURISDICTION"

2. LVNV admits the allegations in ¶ 2 of the Complaint for jurisdiction purposes only.

3. LVNV admits the allegations in ¶ 3 of the Complaint for venue purposes only.

### ANSWERS TO "PARTIES"

4. LVNV admits the allegations in ¶ 4 of the Complaint.

5. The allegations in ¶ 5 of the Complaint state a conclusion of law that requires no answer of LVNV.

6. In response to the allegations in ¶ 6 of the Complaint, to the extent that they pertain to LVNV, LVNV admits that it is a Delaware limited liability company that does business in Colorado.

7. In response to the allegations in ¶ 7 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers that it has an "instate location" at 1776 S. Jackson Street, Suite 900, Denver, CO 80210 for the purposes of a Colorado license, but NCO denies that it conducts any business at that location.

8. In response to the allegations in ¶ 8 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

9. In response to the allegations in ¶ 9 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

10. In response to the allegations in ¶ 10 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

11. In response to the allegations in ¶ 11 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers that to the extent that the allegations in ¶ 11 of the Complaint allege that LVNV "is a 'debt collector', as that term is defined by 15 U.S.C. § 1692a(6)," they state a conclusion of law that requires no answer of LVNV, but LVNV nevertheless denies the allegation that LVNV is or was a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. In response to the allegations in ¶ 12 of the Complaint, to the extent that they pertain to LVNV, LVNV admits the allegations.

### ANSWERS TO "<u>FACTS</u>"

13. LVNV denies the allegations in ¶ 13 of the Complaint as stated for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, LVNV, based on its records, avers: (a) that on or about March 13, 2006 Plaintiff, under the name Michael T. Aldworth, opened a credit account with HSBC Bank Nevada, N.A. ("HSBC"), identified with account No. xxxxxxxxxxxx6833 (hereinafter referred to as the "Aldworth HSBC Account"), pursuant to which HSBC extended credit to Plaintiff; and that subsequently the Aldworth HSBC Account was acquired by Capital One Bank (USA), National Association ("Capital One").

14. In response to the allegations in ¶ 14 of the Complaint, to the extent that they pertain to LVNV, LVNV, based on its records, avers: (a) that effective as of June 14, 2013, Capital One sold, assigned and transferred to Sherman Originator III, LLC (SOLLC III") all right title and interest to a portfolio of Capital One accounts that included the Aldworth HSBC Account, and simultaneously SOLLC III in turn transferred, sold, assigned, conveyed, granted and delivered to Sherman Originator, LLC (SOLLC") the same said portfolio of Capital One accounts; (b) that subsequently SOLLC transferred, sold, assigned, conveyed, granted and delivered to LVNV the same said portfolio of Capital One accounts; and (c) that the Aldworth HSBC account was seriously delinquent and in default as of the time when LVNV acquired the account.

15. The allegations in ¶ 15 of the Complaint state a conclusion of law that requires no answer of LVNV.

16.     LVNV denies the allegations in ¶ 16 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, LVNV, based on its records, avers that at one time Plaintiff stated in a telephone conversation with LVNV that he disputed the debt, but LVNV lacks knowledge or information sufficient to justify a belief as to the truth of the allegation that Plaintiff currently disputes the debt.

17.     In response to the allegations in ¶ 17 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV, based on its records, avers that its collection attorneys, Rose and Associates, acting on behalf of LVNV as the owner of the Aldworth HSBC account, filed suit against Plaintiff in the County Court of Denver County, Colorado in Case No. 14C50408 (hereinafter referred to as the "state-court collection lawsuit"), for Plaintiff's indebtedness on the seriously delinquent account, after plaintiff refused to pay his debt to LVNV on the account.

18.     In response to the allegations in ¶ 18 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV, based on its records, avers that its collection attorneys, Rose and Associates, acting on behalf of LVNV as the owner of the Aldworth HSBC account, obtained a judgment against Plaintiff in the state-court collection lawsuit.

19.     In response to the allegations in ¶ 19 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV, based on its records, avers that its collection attorneys, Rose and Associates, acting on behalf of LVNV as the owner of the Aldworth HSBC account and the judgment creditor on the judgment that LVNV obtained against Plaintiff in the state-court collection lawsuit, had a writ of garnishment issued and

served upon JPMorgan Chase Bank to garnish funds in a bank account owned by Plaintiff, in an effort to execute on the judgment that Rose and Associates had obtained in favor of LVNV and against Plaintiff in the state-court collection lawsuit.

20. LVNV denies the allegations in ¶ 20 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

21. In response to the allegations in ¶ 21 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

22. In response to the allegations in ¶ 22 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

23. In response to the allegations in ¶ 23 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

24. In response to the allegations in ¶ 24 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

25. The allegations in ¶ 25 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

26. The allegations in ¶ 26 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

27. LVNV denies the allegations in ¶ 27 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

28. LVNV denies the allegations in ¶ 28 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

29. In response to the allegations in ¶ 29 of the Complaint, to the extent that they pertain to LVNV, LVNV has denied for lack of knowledge or information sufficient to justify a belief as to the thru thereof that it made the statements alleged in ¶¶ 23 and 24 of the Complaint, and thus by extension LVNV denies for lack of knowledge or information sufficient to justify a belief as to the truth thereof the allegation in ¶ 29.

30. In response to the allegations in ¶ 30 of the Complaint, to the extent that they pertain to LVNV, LVNV reavers that it has denied for lack of knowledge or information sufficient to justify a belief as to the thru thereof that it made the statements alleged in ¶¶ 23 and 24 of the Complaint, and thus by extension LVNV denies for lack of knowledge or information sufficient to justify a belief as to the truth thereof the allegation in ¶ 30.

31. In response to the allegations in ¶ 31 of the Complaint, to the extent that they pertain to LVNV, LVNV: (a) reavers that it has denied for lack of knowledge or information sufficient to justify a belief as to the thru thereof that it made the statements alleged in ¶¶ 23 and 24 of the Complaint, and thus by extension LVNV denies for lack of knowledge or information sufficient to justify a belief as to the truth thereof the allegation again in ¶ 31 that LVNV made the statements alleged in ¶¶ 23 and 24; and (b) avers that LVNV makes no efforts on its own behalf to collect on any of its accounts, that it made no effort on its own behalf to collect from Plaintiff on the Aldworth HSBC Account, and that, therefore, it made no effort "to manipulate the

Plaintiff into giving up all his money without first determining if he qualified for an exemption under the Statute," as alleged in ¶ 31.

32. In response to the allegations in ¶ 32 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV, on the basis of its records, avers: (a) that it has never received any calls from Plaintiff; and (b) that its accounts master servicer, Resurgent Capital Services, LP ("Resurgent"), received two calls from Plaintiff at Resurgent's customer service telephone number.

33. In response to the allegations in ¶ 33 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations, including the allegations in sub-paragraphs A through E. By way of further answer, LVNV, based on its records, avers: (a) that on May 1, 2014 Resurgent received at its customer service telephone number two calls from Plaintiff, who called to inquire about the Aldworth HSBC Account; (b) that in the conversation between Plaintiff and Resurgent's customer service representative resulting from Plaintiff's first call to Resurgent on May 1, 2014, Plaintiff told Resurgent's customer service representative that he wanted information regarding the state-court collection lawsuit judgment that Rose and Associates had obtained on behalf of LVNV, and in response Resurgent's customer service representative referred Plaintiff to LVNV's collection attorneys, Rose and Associates; (c) that in the subsequent conversation between Plaintiff and Resurgent resulting from Plaintiff's second call to Resurgent on May 1, 2014, Plaintiff informed Resurgent's customer service representative that he had spoken with LVNV's attorneys, Rose and Associates, but wanted additional information regarding the state-court-collection lawsuit, and Resurgent's customer service representative responded that Rose and Associates would have that information and again referred Plaintiff to Rose and Associates; and (d) that Resurgent's

7

customer service representative did not state to Plaintiff in either conversation on May 1 2014 the amounts of the judgment, the costs, the interest and/or the principal and did not make any statement at all regarding the interest rate.

34.     In response to the allegations in ¶ 34 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV, based on its records, avers that in April 2014 Resurgent credit-reported Plaintiff's debt to LVNV on the Aldworth HSBC Account.

35.     In response to the allegations in ¶ 35 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations. By way of further answer, LVNV, based on its records, avers that in April 2014 Resurgent credit-reported Plaintiff's debt to LVNV on the Aldworth HSBC Account as being in the amount of $1,687.

36.     In response to the allegations in ¶ 36 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations. By way of further answer, LVNV avers that it has denied that it or its accounts master servicer, Resurgent, made the statements alleged in sub-paragraphs A through E of ¶ 33 of the Complaint and thus by extension LVNV denies the allegation in ¶ 36 that it or Resurgent made any false statement regarding Plaintiff's debt on the Aldworth HSBC Account.

37.     In response to the allegations in ¶ 37 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations. By way of further answer, LVNV reavers that it has denied that it or its accounts master servicer, Resurgent, made the statement alleged in sub-paragraph E of ¶ 33 of the Complaint and thus by extension LVNV denies the allegation in ¶ 37

that it or Resurgent made any false statement regarding Plaintiff's debt on the Aldworth HSBC Account.

38. In response to the allegations in ¶ 38 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations. By way of further answer, LVNV reavers that it has denied that it or its accounts master servicer, Resurgent, made the statement alleged in sub-paragraph E of ¶ 33 of the Complaint and thus by extension LVNV denies the allegation in ¶ 38 that it or Resurgent made any misleading statement regarding Plaintiff's debt on the Aldworth HSBC Account.

## ANSWERS TO "Respondeat Superior Liability"

39. In response to the allegations in ¶ 39 of the Complaint, LVNV incorporates the foregoing answers, averments and defenses by reference thereto as if set forth fully at this point.

40. In response to the allegations in ¶ 40 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers: (a) that to the extent that it has admitted herein any acts alleged by Plaintiff in the Complaint, LVNV further admits that those acts were performed by an agent employed or retained by LVNV; and (b) that to the extent that it has denied herein any acts alleged by Plaintiff in the Complaint, LVNV further denies that those acts were performed by an agent employed or retained by LVNV.

41. In response to the allegations in ¶ 41 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers: (a) that to the extent that it has admitted herein any acts alleged by Plaintiff in the Complaint, LVNV further admits that it was or should have been aware of those acts; and (b) that to the extent

that it has denied herein any acts alleged by Plaintiff in the Complaint, LVNV further denies that it was or should have been aware of those acts.

42. In response to the allegations in ¶ 42 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers: (a) that to the extent that it has admitted herein any acts alleged by Plaintiff in the Complaint, LVNV further admits that those acts were performed within the scope, time, and space limitations of the agency relationship with LVNV; and (b) that to the extent that it has denied herein any acts alleged by Plaintiff in the Complaint, LVNV further denies that those acts were performed within the scope, time, and space limitations of the agency relationship with LVNV.

43. In response to the allegations in ¶ 43 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers: (a) that to the extent that it has admitted herein any acts alleged by Plaintiff in the Complaint, LVNV further admits that those acts were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by LVNV in collecting debts; and (b) that to the extent that it has denied herein any acts alleged by Plaintiff in the Complaint, LVNV further denies that those acts were incidental to, or of the same general nature as, the responsibilities the agent was authorized to perform by LVNV in collecting debts.

44. In response to the allegations in ¶ 44 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations as stated. By way of further answer, LVNV avers: (a) that to the extent that it has admitted herein any acts alleged by Plaintiff in the Complaint, LVNV further admits that by committing those acts, the agent was motivated to benefit LVNV; and

(b) that to the extent that it has denied herein any acts alleged by Plaintiff in the Complaint, LVNV further denies that by committing those acts, the agent was motivated to benefit LVNV.

45.     LVNV denies the allegations in ¶ 45 of the Complaint.

## ANSWERS TO "COUNT I

## (Violations of the FDCPA, 15 U.S.C. 1692 *et seq.*)"

46.     In response to the allegations in ¶ 46 of the Complaint, LVNV incorporates the foregoing answers, averments and defenses by reference thereto as if set forth fully at this point.

47.     The allegations in ¶ 47 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

48.     In response to the allegations in ¶ 48 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations, including the allegations in sub-paragraphs A through D.

49.     The allegations in ¶ 49 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

50.     In response to the allegations in ¶ 50 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations, including the allegations in sub-paragraphs A through C.

51.     The allegations in ¶ 51 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

52.     In response to the allegations in ¶ 52 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations, including the allegations in sub-paragraphs A through B.

53. The allegations in ¶ 53 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

54. In response to the allegations in ¶ 54 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations, including the allegations in sub-paragraphs A through B.

55. The allegations in ¶ 55 of the Complaint purport to state a proposition of law that requires no answer of LVNV.

56. In response to the allegations in ¶ 56 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

57. In response to the allegations in ¶ 57 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

58. In response to the allegations in ¶ 58 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

59. In response to the allegations in ¶ 59 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

60. In response to the allegations in ¶ 60 of the Complaint, to the extent that they pertain to LVNV, LVNV denies the allegations.

And now, further responding to the Complaint, LVNV sets forth the following affirmative defenses:

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted against LVNV.

2. The FDCPA has no application to LVNV in this civil action or with respect to LVNV's actions regarding the Aldworth HSBC Account.

3. LVNV avers alternatively, and only in the event that the Court should determine that the FDCPA applies in this civil action with respect to LVNV's actions regarding the Aldworth HSBC Account, that to the extent that any violation is established, any such violation was not intentional and resulted from a bona fide error, notwithstanding LVNV's maintenance of procedures reasonably adapted to avoid any such error.

4. LVNV further avers alternatively, and only in the event that the Court should determine that the FDCPA applies in this civil action with respect to LVNV's actions regarding the Aldworth HSBC Account, that to the extent that Plaintiff sustained actual damages proximately caused by LVNV, which is expressly denied, Plaintiff has failed to mitigate those damages reasonably.

5. LVNV further avers alternatively, and only in the event that the Court should determine that the FDCPA applies in this civil action with respect to LVNV's actions regarding the Aldworth HSBC Account, that any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and/or contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of a third party or third parties for whom LVNV is not and cannot be liable, and not of LVNV.

6. LVNV further avers alternatively, and only in the event that the Court should determine that the FDCPA applies in this civil action with respect to LVNV's actions regarding the Aldworth HSBC Account, that any violation that may have occurred in this case, or any loss,

injury, damage or detriment suffered by Plaintiff was directly and proximately caused or contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not of LVNV.

WHEREFORE, LVNV requests that this action be dismissed and that LVNV be awarded costs and attorneys' fees and any other appropriate relief.

Dated: June 17, 2014.                    Respectfully submitted,

s/ Louis Leonard Galvis
Louis Leonard Galvis (CO Bar No. 32885)
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
645 Stonington Lane
Fort Collins, CO  80525
Telephone:  (970) 223-4420
Facsimile:  (970) 223-4420
E-mail:  lgalvis@sessions-law.biz

*Attorneys for Defendant*
*LVNV Funding, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 17, 2014 I electronically filed a true and exact copy of the above and foregoing **DEFENDANT LVNV FUNDING LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

daniel.vedra@vwfirm.com

ahson.wali@vwfirm.com

lgalvis@sessions-law.biz

s/ Louis Leonard Galvis
Louis Leonard Galvis
E-mail:  lgalvis@sessions-law.biz